## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No: 8:04-cr-1-T-27JSS**

**DONALD HOUSTON ANDREWS**

_____ /

## ORDER TERMINATING SUPERVISED RELEASE

**BEFORE THE COURT** are Defendant's Unopposed[1] Motion for Early Termination of Supervised Release (Dkt. 45) and Unopposed Motion for Protection (Dkt. 46), and responses from the United States of America (Dkt. 48) and United States Probation (Dkt. 49). Upon consideration, the Motion for Early Termination of Supervised Release (Dkt. 45) is **GRANTED**, **effective July 30, 2021**.

Andrews stands convicted of conspiracy to distribute cocaine base. (Dkt. 24). In May 2004, he was sentenced as a career offender to 168 months imprisonment, followed by 5 years of supervised release. (Id. at 2-3). His motion to reduce sentence was granted, reducing his term of imprisonment to 130 months and reducing his term of supervised release to 4 years. (Dkt. 42). On February 28, 2019, his term of supervision began. (Dkt. 49).

Andrews now requests early termination of his supervised release. (Dkt. 45). The United States asserts that "Andrews has been gainfully employed, is in good standing with his employer, and has not committed any violations of supervised release." (Dkt. 48 at 1). Notwithstanding, the United States opposes early termination due to "Andrews's designation as a career offender, the lack of an identified specific hardship, and the lack of supporting documentation to show his

---

[1] Despite being labeled "unopposed," Defendant's motion is opposed by the United States and Probation. (Dkts. 48, 49).

rejection for specific jobs is because he is on supervised release . . . ." (Id. at 3-4). Probation also reports that Andrews "has complied with all conditions of supervised release" and "seems to be adjusting well to community supervision." (Dkt. 49 at 1).  However, Probation opposes early termination based on Andrews' designation as a career offender. (Id.).

Under 18 U.S.C. § 3583(e)(1), a term of supervised release may be terminated early "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *See United States v. Boyd*, 606 F. App'x 953, 956 (11th Cir. 2015). After considering these factors, I find that the motion should be granted. Indeed, Andrews has successfully completed more than half of his term of supervision. During that time, he has maintained a stable residence, abstained from further unlawful conduct, complied with all terms of his supervision, and maintained employment with the same employer since his supervision began. Moreover, his employer provides that Andrews is "dedicated," "punctual," and "a model employee." (Dkt. 45-1 at 1). While the United States and Probation note Andrews' designation as a career offender, the career offender designation was based on conduct that occurred more than 17 years ago. Accordingly, further supervision is unnecessary. Andrews is to be commended for a successful transition into society and for successfully completing his term of supervision.

Accordingly, Defendant's Motion for Early Termination of Supervised Release (Dkt. 45) is **GRANTED**, **effective July 30, 2021**. Defendant's Motion for Protection (Dkt. 46) is **DENIED as moot**.

**DONE AND ORDERED** this 20th day of July, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, U.S. Probation